UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID K. JULIEN,

        Plaintiff,

  v.

ABEO MANAGEMENT CORP, et al.,

        Defendants.

Case No.  15-cv-00565-JST

**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS**

Re: ECF No. 20

Before the Court is a Motion to Transfer Plaintiff's First Amended Complaint Under 28 U.S.C. section 1404, or, in the Alternative, Dismiss Under 28 U.S.C. section 1406(a), filed by Defendants SPMG, Inc. and Abeo Management Corporation (together "Abeo").  ECF No. 20. Plaintiff David K. Julien does not oppose Abeo's motion to transfer this action to the District of Utah, but does oppose Abeo's alternative motion to dismiss the action under 28 U.S.C. section 1406(a).  ECF No. 21.  For the reasons set forth below, the Court will grant the motion to transfer and deny the motion to dismiss.

I.      **BACKGROUND**

On January 7, 2015, Julien filed suit against Abeo in the Alameda County Superior Court, seeking a judicial declaration that the non-compete provisions of the Employment Agreement and Stock Purchase Agreement between the parties are void and unenforceable; a permanent injunction against Defendants enjoining them from enforcing or attempting to enforce these provisions; and costs of suit.[1]  Compl., ECF No. 1-1 at 4.  Two days later, on January 9, 2015, Abeo and an affiliate filed suit against Julien and his new employer in the Third Judicial District,

---

[1] Plaintiff requests that the Court take judicial notice of his complaint.  ECF No. 22.  "[J]udicial notice is not necessary with respect to the pleadings in the present case."  Wolfes v. Burlington Ins. Co., No. 07-cv-00696-RMW, 2010 WL 842327, at *4 n.3 (N.D. Cal. Mar. 10, 2010).

United States District Court
Northern District of California

1  Salt Lake County, State of Utah.  Declaration of Debra Fischer ("Fischer Decl."), ECF No. 20-1

2  ¶ 3.  On February 5, 2015, Defendants removed the California action to this Court.  ECF No. 1.

3  Plaintiff filed his First Amended Complaint ("FAC") on February 26, 2015, adding an unfair

4  competition claim.  ECF No. 17.

5          On March 12, 2015, Abeo filed the instant motion to transfer, or in the alternative, to

6  dismiss, on the basis of the forum selection clause in the Employment Agreement, which provides:

7              **Governing Law.** Notwithstanding any conflict of laws provisions to
              the contrary, this Agreement shall be governed by the laws of the
8              State of Utah, and each party hereby expressly submits itself or
              him/herself to the exclusive, personal jurisdiction of the courts
9              situate in the State of Utah with respect to any and all claims,
              demands, and/or causes of action asserted or filed by any party in
10             any way relating to, or arising out of, this Agreement or the subject
              matter hereof.

11

12  FAC Ex. A ¶ 12.  Julien does not oppose transfer to the District of Utah, but does oppose

13  dismissal.  ECF No. 21.

14  **II.     MOTION TO TRANSFER**

15          Pursuant to 28 U.S.C. section 1404(a), "[f]or the convenience of parties and witnesses, in

16  the interest of justice, a district court may transfer any civil action to any other district or division

17  where it might have been brought or to any district or division to which all parties have

18  consented."  This section "provides a mechanism for enforcement of forum-selection clauses that

19  point to a particular federal district."  Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W.

20  Dist. of Tex., 134 S. Ct. 568, 579 (2013).  A forum selection clause should be "given controlling

21  weight in all but the most exceptional cases."  Id.  The plaintiff bears the burden to establish that

22  transfer is unwarranted.  Id. at 581-82.

23          The Court will grant Abeo's motion to transfer pursuant to 28 U.S.C. section 1404(a).  The

24  forum selection clause clearly provides that claims relating to the Employment Agreement will be

25  resolved by the courts in the state of Utah.  Plaintiff, whose burden it is to establish that the clause

26  is invalid or otherwise unenforceable, does not oppose transfer.  Accordingly, the Court concludes

27  that, for the convenience of the parties and witnesses, and in the interest of justice, this case should

28  be transferred to the District of Utah.

1    **III.     MOTION TO DISMISS**

2         In the alternative, Defendants argue that because of the Employment Agreement's forum

3    selection clause, the Court may dismiss the case pursuant to 28 U.S.C. section 1406(a).  ECF No.

4    20 at 13.  Section 1406(a) provides that "[t]he district court of a district in which is filed a case

5    laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

6    transfer such case to any district or division in which it could have been brought."  Defendants

7    suggest that because Julien's claims can be adjudicated in the case pending in Utah state court, this

8    case should be dismissed, rather than transferred to the District of Utah.  ECF No. 20 at 13.

9         In Atlantic Marine, the Supreme Court explained that "a forum-selection clause does not

10   render venue in a court 'wrong' . . . within the meaning of section 1406(a)," and therefore section

11   1406(a) is "not [a] proper mechanism[] to enforce a forum-selection clause."  134 S. Ct. at 579-80.

12   Defendants argue that even after Atlantic Marine, courts in this district have dismissed claims

13   brought in a forum other than the one to which the parties agreed, citing Monastiero v. appMobi,

14   Inc., No. 13-cv-05711-SI, 2014 WL 1991564 (N.D. Cal. May 15, 2014).  ECF No. 23 at 1.

15   Monastiero is inapposite because in that case, the court considered a forum selection clause that

16   specified the Court of Common Pleas of Lancaster County, Pennsylvania as the forum of

17   exclusive jurisdiction and venue, not transfer within the federal court system.  2014 WL 1991564,

18   at *1; see Atlantic Marine, 134 S. Ct. at 579-80 (distinguishing between enforcement of a forum-

19   selection clause pursuant to section 1404(a), when the transferee forum is within the federal court

20   system, and enforcement through the forum non conviens doctrine, when the transferee forum is a

21   nonfederal forum).  Defendants' motion to dismiss must be denied.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the motion to transfer is granted, and the motion to dismiss is denied.  This action shall be transferred to the United States District Court for the District of Utah. All further proceedings in this case are stayed until the case is transferred.

IT IS SO ORDERED.

Dated:  May 12, 2015

_____
JON S. TIGAR
United States District Judge